# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 17, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

156806

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

GARY PATRICK LEWIS,
      Defendant-Appellant.

SC: 156806
COA: 325782
Wayne CC: 14-006454-FH

_____/

On order of the Court, the application for leave to appeal the November 2, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, C.J. (*concurring*).

I concur in the order denying leave to appeal and write separately to highlight two errors I believe the Court of Appeals made in its published opinion and to reiterate my hope that the United States Supreme Court will clarify the proper application of harmless-error analysis in this context. Given the current law, I cannot say that the Court of Appeals erred in its conclusion that the error here was harmless. I reluctantly agree with the order denying leave to appeal.

I think the Court of Appeals' analysis of the first factor that *Coleman v Alabama*, 399 US 1 (1970), identifies as important to the role for counsel at a preliminary examination is flawed. The first *Coleman* factor is "the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case that may lead the magistrate to refuse to bind the accused over." *Id.* at 9. The panel reasoned that "[g]iven that defendant was convicted at trial on the basis of sufficient evidence, the possibility that counsel could have detected preclusive flaws in the prosecution's probable-cause showing is moot." *People v Lewis (On Remand)*, 322 Mich App 22, 31 (2017). But in our prior opinion, we explained that *Coleman* does not permit a court to presume that if a defendant is ultimately convicted after a fair trial, he suffered no harm from the deprivation of counsel at the preliminary examination. *People v Lewis*, 501 Mich 1, 11 (2017). While the Court of Appeals cited that passage in its analysis, it nonetheless stated that the fact of the conviction "is relevant to our consideration of the first *Coleman* factor." *Lewis (On Remand)*, 322 Mich App at 31. Whatever the

correctness of that statement (and I express no opinion on it), the panel then said that the defendant's conviction made this factor *moot*. That is, the Court of Appeals seemingly made the fact of the conviction at trial dispositive to its analysis of the first factor, which this Court said is not permissible.[1]

The panel's analysis of the second *Coleman* factor is also flawed. That factor is "the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial." *Coleman*, 399 US at 9. The Court of Appeals relied heavily on the fact that trial counsel was given a transcript of the preliminary examination in concluding that this factor weighed in favor of finding the error harmless. But this misses the point: a transcript of a preliminary examination conducted without the benefit of defense counsel doesn't address the problem that the prosecution's witnesses were not cross-examined at that hearing. And like the panel's analysis of the first factor, this reasoning would result in finding error harmless in every case conducted in absence of defense counsel: preparing a transcript isn't the problem; it's that the transcript is unhelpful. Thus, counsel's possession of the preliminary examination transcript is entitled to little weight in the analysis.

Despite these flaws, I believe the Court of Appeals correctly concluded that any error in depriving the defendant of counsel at the preliminary examination was harmless. The panel correctly analyzed the remaining *Coleman* factors and specific circumstances of this case. But I reach this conclusion largely because *Coleman* takes "the two perhaps most intuitive options for assessing harm off the table," *Lewis*, 501 Mich at 12, leaving reviewing courts without much guidance about how to apply harmless-error review in this context. Guidance from the United States Supreme Court would be welcome. I hope that Court will either provide such guidance or clarify "whether the *Coleman* harmless-error review remains a sustainable rule when a defendant is denied counsel at a preliminary examination." *Lewis*, 501 Mich at 16 (MCCORMACK, J., concurring).

BERNSTEIN and CLEMENT, JJ., join the statement of MCCORMACK, C.J.

---

[1] The Court of Appeals cited *Coleman* in support of its analysis of this factor, but its citation was to Justice White's concurring opinion, which of course is nonbinding. *Lewis (On Remand)*, 322 Mich App at 31, citing *Coleman*, 399 US at 18 (White, J., concurring).





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 17, 2019

Clerk

a0514